UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JAMISON,<br><br>          Plaintiff,<br><br>   v.<br><br>KAISER FOUNDATION, et al.,<br><br>          Defendants. | No. 2:14-cv-1104 LKK KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
3    § 1915(b)(2).
4          The court is required to screen complaints brought by prisoners seeking relief against a
5    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
6    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
7    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
8    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
9          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
11   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
12   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
13   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
14   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
16   2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably
17   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
18   1227.
19         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
20   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
21   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
22   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
23   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
24   formulaic recitation of the elements of a cause of action;" it must contain factual allegations
25   sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.
26   However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
27   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.
28   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff names Kaiser Foundation Inc., and the Permanente Medical Group ("Kaiser defendants"), as well as the Yolo County District Attorney, and Yolo County as defendants. Plaintiff claims that these defendants are "mandatory reporters of sex crimes under color of state/federal and California law."  (ECF No. 1 at 3.)  Plaintiff alleges that defendants had knowledge of a "serial sex offender," and deliberately did not report the offender to police which left him free to molest his children and other family members, and then terrorize plaintiff in a prison cell at Deuel Vocational Institution ("DVI"), Tracy, California from late June through late August of 2013.  (ECF No. 1 at 3.)  Plaintiff claims he was sexually abused by Julian Marquez who was not stopped over 40 years ago "by the other named defendants" who plaintiff alleges had a duty to protect the public.  (ECF No. 1 at 4-5.)  The exhibits appended to his complaint reflect that one of the minor children was treated by Kaiser in 1976.  (ECF No. 1 at 7.)  Plaintiff also alleges that none of the defendants warned jail officials or the California Department of Corrections of the alleged sex offender's activities.  (ECF No. 1 at 5.)

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988).  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Here, plaintiff does not identify the state or federal laws he claims required defendants to report specific sex crimes.[1] Rather, it appears plaintiff is attempting to frame a state law negligence claim as a constitutional violation.

A. California Penal Code § 11166

Typically, mandated reporters are people who have regular contact with vulnerable people such as children, or disabled and elderly people; state laws have been drafted to legally require mandated reporters to report when abuse is observed or suspected. To the extent plaintiff contends that defendants violated California Penal Code § 11166, plaintiff's allegations fails to state a cognizable civil rights claim.

Under California Penal Code § 11166(a), a mandated reporter is required to make a report to the appropriate agency "whenever the mandated reporter, in his or her professional capacity or within the scope of his or her employment, has knowledge of or observes a child whom the mandated reporter knows or reasonably suspects has been the victim of child abuse or neglect." Id. Failure to make a report is a misdemeanor. Cal. Penal Code § 11166(c). Under California

---

[1] Plaintiff references California Civil Code § 846. (ECF No. 1 at 5.) However, § 846 addresses permission to enter real property for recreational purposes, and is not relevant.

Penal Code § 11165.7, physicians, licensed nurses and other specified health care workers are "mandated reporters" with a duty to report reasonable suspicions of child abuse or neglect, but only when discovered in the context of their "professional capacity or within the scope of [their] employment." Id. District attorneys are not mandated reporters. Cal. Penal Code § 11165.7.

Here, plaintiff cannot pursue a claim for damages under § 11166 because the statute does not provide a private right of action.

> Under California law, "[a]doption of a regulatory statute does not automatically create a private right to sue for damages resulting from violations of the statute. Such a private right of action exists only if the language of the statute or its legislative history clearly indicates the Legislature intended to create such a right to sue for damages." Vikco Ins. Servs., Inc. v. Ohio Indem. Co., 70 Cal.App.4th 55, 62, 82 Cal.Rptr.2d 442 (1999). The assumption is that if the Legislature intends to create a private right of action, it will do so "directly," and "in clear, understandable, unmistakable terms." Id. at 62-63, 82 Cal.Rptr.2d 442 (citing Moradi-Shalal v. Fireman's Fund Ins. Cos., 46 Cal.3d 287, 294-95, 250 Cal.Rptr. 116, 758 P.2d 58 (1988)). "If [the court] determine[s] the Legislature expressed no intent on the matter either way, directly or impliedly, there is no private right of action. . . ." Animal Legal Defense Fund v. Mendes, 160 Cal.App.4th 136, 172, 72 Cal.Rptr.3d 553 (2008) (citing Moradi-Shalal, 46 Cal.3d at 305, 250 Cal.Rptr. 116, 758 P.2d 58).

Gunawan v. Howroyd-Wright Employment Agency, 2014 WL 539907, *8 (C.D. Cal. Jan. 30, 2014). California Penal Code § 11166 does not provide a private right of action. Petersen v. Browne, 2013 WL 211136, *4 (N.D. Cal. Jan. 16, 2013). Rather, the statute provides that a mandated reporter who fails to report an incident of known or reasonably suspected child abuse is subject to prosecution for a misdemeanor punishable by up to six months jail imprisonment or $1,000.00 fine, or both. Cal. Penal Code § 11166(c). Thus, plaintiff cannot pursue a claim for monetary damages based on a violation of § 11166.

Therefore, to the extent plaintiff's claim for relief is based on defendants' alleged failure to report child abuse under California Penal Code § 11166, such claim is unavailing.

B. Yolo County District Attorney and Yolo County

Plaintiff's allegations against these prosecuting defendants are similarly unavailing. California Government Code § 821.6 immunizes prosecutors from civil suits stemming from injuries allegedly caused by "instituting or prosecuting" a criminal case. Cal. Gov't Code

5

§ 821.6. California courts have interpreted this provision expansively to "best further the rationale of the immunity, that is, to allow the free exercise of the prosecutor's discretion and protect public officers from harassment in the performance of their duties." Ingram v. Flippo, 74 Cal. App. 4th 1280, 1292, 89 Cal. Rptr. 2d 60 (1999). This provision applies to conduct occurring during an ongoing prosecution as well as conduct leading up to the initiation of the prosecution. Randle v. City & Cnty. of S.F., 186 Cal. App. 3d 449, 456, 230 Cal. Rptr. 901 (1986).

Prosecutors are also immunized from claims based on a failure to prosecute. Roe v. City & Cnty. of San Francisco, 109 F.3d 578, 583 (9th Cir. 1997) ("a prosecutor is entitled to absolute immunity for the decision not to prosecute.") In any event, it appears that the Yolo County District Attorney did prosecute the alleged sex offender, Julian Marquez, who was subsequently incarcerated by the California Department of Corrections and Rehabilitation ("CDCR").[2]

It does not appear that plaintiff can state a viable civil rights claim against the Yolo County District Attorney based on the allegations contained in the complaint. Thus, plaintiff's allegations against defendants Yolo County District Attorney and Yolo County fail to state a cognizable civil rights claim and should not be renewed in any amended complaint.

A. Kaiser Defendants

Plaintiff does not specifically name the medical professional who allegedly failed to report the alleged sexual abuse. Rather, plaintiff names the employer, Kaiser defendants. As set forth above, plaintiff may not bring a civil rights action based on a theory of respondeat superior. Plaintiff includes no specific factual allegations demonstrating that the employer was connected or linked to the medical treatment for the alleged abuse.

Moreover, plaintiff alleges that the Kaiser defendants are state actors, citing Nieto v. Kapoor, 268 F.3d 1208 (10th Cir. 2001). (ECF No. 1 at 11.) However, in Nieto, the hospital was a public medical center, owned by Chaves County, New Mexico, and operated pursuant to the

---

[2] In Marquez v. Gillim, et al., Marquez claimed he was convicted based on false allegations of sexual abuse resulting in his conviction and sentence to state prison for 15 years. Id., Case No. 2:13-cv-1780 MCE DAD (E.D. Cal.) (ECF No. 1 at 3).

6

1  New Mexico Hospital Funding Act for governmental hospitals. Nieto, 268 F.3d at 1212. Kaiser
2  Permanente is not owned or operated by the government, but is privately owned and operated.
3  The Ninth Circuit has consistently determined that private hospitals and doctors in § 1983 claims
4  fail to come within the color of state law. See Briley v. State of Cal., 564 F.2d 849, 855-56 (9th
5  Cir. 1977) (private hospitals not acting under color of state law unless the state is significantly
6  involved in the private party's activities); Watkins v. Mercy Med. Center, 520 F.2d 894, 896 (9th
7  Cir. 1975). Other courts have similarly held. Brown v. Newberger, 291 F.3d 89, 93 (1st Cir.
8  2002) (complying with mandatory reporting statute does not justify finding defendant was a state
9  actor); Preston v. New York, 223 F. Supp. 2d 452, 466 (S.D. N.Y. 2002) (private actors do not
10 become state actors simply by complying with legal duty to report suspected child abuse). Here,
11 employees of the Kaiser defendants were not treating plaintiff under a contract with the state
12 prison. Rather, an employee of the Kaiser defendants was treating the minor child of the mother,
13 who was a Kaiser member. (ECF No. 1 at 7.) Thus, the unnamed medical professional was not
14 acting under color of state law.

15 Because plaintiff's allegations against the Kaiser defendants are based solely on a theory
16 of respondeat superior, and the Kaiser defendants are not state actors under the facts alleged by
17 plaintiff in the complaint, plaintiff cannot maintain a federal civil rights action against them.

18   C. Conclusion

19 For all of the above reasons, plaintiff's allegations against the named defendants fail to
20 state a cognizable federal civil rights claim. In an abundance of caution, plaintiff is granted leave
21 to amend should he be able to identify a basis for a federal civil rights action.

22 Moreover, liberally construed, plaintiff may have a civil rights claim based on allegations
23 that a prison employee was deliberately indifferent to plaintiff's safety in violation of the Eighth
24 Amendment.

25 A prison official's deliberate indifference to a substantial risk of serious harm to an
26 inmate's safety violates the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 827 (1994).
27 In order to show deliberate indifference, a prisoner must show that prison officials were aware of
28 facts from which they could infer that a substantial risk of serious harm existed and that the prison

1  officials drew that inference. Farmer, 511 U.S. at 837.  A prisoner need not show that prison
2  officials acted or failed to act believing that harm would actually occur; rather, a prisoner need
3  only establish that officials acted or failed to act despite knowledge of a substantial risk of serious
4  harm. Id. at 842.

5       Here, plaintiff includes no factual allegations suggesting that prison employees were
6  deliberately indifferent to plaintiff's safety; indeed, he appears to claim that the county jail and
7  CDCR were not warned about the alleged sex offender's prior activities.  But it is possible that
8  some prison officials had notice of the alleged sex offender's conviction.[3]  Therefore, the court
9  grants plaintiff leave to amend should he be able to allege facts meeting the Eighth Amendment
10 standards set forth above.  Plaintiff is cautioned that he must have first exhausted his
11 administrative remedies as to such Eighth Amendment claim.  Exhaustion in prisoner cases
12 covered by 42 U.S.C. § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002).
13 Exhaustion is a prerequisite for all prisoner suits regarding conditions of confinement, whether
14 they involve general circumstances or particular episodes, and whether they allege excessive
15 force or some other wrong. Porter, 534 U.S. at 532.

16      Accordingly, plaintiff is granted leave to amend.  Plaintiff is advised that in an amended
17 complaint he must clearly identify each defendant and the action that defendant took that violated
18 his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's
19 charging allegations are as to each named defendant.  The charging allegations must be set forth
20 in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

21      Any amended complaint must show that the federal court has jurisdiction, the action is
22 brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It

---

[3] Indeed, plaintiff is presently pursuing, through counsel, a claim that certain employees of the CDCR "caused plaintiff to be raped" while he was housed at Corcoran State Prison ("CSP"). Jamison v. Baillie, et al., Case No. 2:10-cv-0124 KJM EFB (E.D. Cal.) (ECF No. 202 at 2).  In Baillie, plaintiff alleges that certain employees at CSP knew plaintiff was not supposed to be housed in a maximum security ward, and knew plaintiff's health and safety would be at risk if housed with an inmate with a history of sexual assault, yet knowingly housed plaintiff in a cell with an inmate with a history of sexually assaulting cell mates, resulting in the rape and assault of plaintiff. Baillie, ECF No. 146 at 4-5.

must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them.  See Lopez v. Smith, 203 F.3d at 1130-31.  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic, 550 U.S. at 555).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 129 S. Ct. at 1949 (quoting Bell Atlantic, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 129 S. Ct. at 1949 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: June 18, 2014

/jami1104.14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| JEREMY JAMISON, | No.  2:14-cv-1104 LKK KJN P |
|---|---|
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| KAISER FOUNDATION, INC., et al., | |
| Defendants. | |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

    _____    Amended Complaint

DATED:

    _____
    Plaintiff

11